# EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| LAWRENCE F. HALPERT, D.D.S., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DENTAL CARE ALLIANCE, LLC, )<br>)<br>Defendant. ) | C.A. No. 05C-08-223 RRC<br><br>NON-ARBITRATION CASE |

### PRAECIPE

To: Prothonotary
Superior Court of the State of Delaware
500 North King Street
Wilmington, DE 19801

PLEASE ISSUES summon to the Sheriff of Kent County. Service may be effected upon the above-named defendant at the following addresses:

Dental Care Alliance, LLC
c/o Secretary of State (pursuant to 10 Del. C. §3104)
401 Federal Street, Suite 3
Dover, DE 19901

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for plaintiff

Dated: August 22, 2005

EFiled: Aug 22 2005 9:4...
Filing ID 6531447

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

LAWRENCE F. HALPERT, D.D.S., )
)
    Plaintiff, )
) C.A. No. 05C-08-223 RRC
v. )
) NON-ARBITRATION CASE
DENTAL CARE ALLIANCE, LLC, )
)
    Defendant. )

THE STATE OF DELAWARE

TO THE SHERIFF OF KENT COUNTY:

YOU ARE COMMANDED:

    To summon the above named defendants so that, within twenty days after service hereof upon defendants, exclusive of the day of service, defendants shall serve upon David L. Finger, plaintiff's attorney, whose address is David L. Finger, Finger & Slanina, LLC, One Commerce Center, 1201 Orange Street, Suite 725, Wilmington, DE 19801-1155, an answer to the Complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

    To serve upon defendant a copy hereof and of the Complaint (and of the affidavit of demand if any has been filed by plaintiff).

    Service upon defendant Dental Care Alliance, LLC shall be upon it at the following address pursuant to 10 Del. C. §3104:

        Secretary of State
        401 Federal Street, Suite 3
        Dover, DE 19901

Dated: ~~August 22, 2005~~ 9/8/05

SHARON AGNEW
Prothonotary
Per Deputy

TO THE ABOVE NAMED DEFENDANTS:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

SHARON AGNEW
Prothonotary
Per Deputy

1-50
David Finger
11:48

# Sheriff's Return

Served the within Summons and copy of the following complaint:

SUMMONS/COMPLAINT

this day, Monday, September 19, 2005, personally upon **HARRIET SMITH WINDSOR**, Secretary of State of the State of Delaware, by leaving with her a true and correct copy of the said Summons for the defendant:

DENTAL CARE ALLIANCE

FILED PROTHONOTARY 2005 SP 29 PM 3:49

and a copy of the Complaint for the said defendant, together with the sum of $ 2.00 Dollars, as prescribed by Section 3104 of Title 10 of the Delaware Code of 1978.

So Answers,

*Jim Higdon*

Jim Higdon
Sheriff of Kent County

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| LAWRENCE F. HALPERT, D.D.S., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 05C-08-223 RRC |
| v. ) | |
| ) | NON-ARBITRATION CASE |
| DENTAL CARE ALLIANCE, LLC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Lawrence F. Halpert, D.D.S. ("Dr. Halpert"), by and through his undersigned counsel, files this Complaint against defendant Dental Care Alliance, LLC ("DCA"), and for his cause of action states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction and venue in this action are proper as the causes of action arise out of and are to enforce a sales contract (the "Mon Purchase Agreement" described in paragraph 8 hereof) that contains the following mandatory forum selection clause:

> 9.07 Governing Law. The provisions of this agreement and the documents delivered pursuant hereto shall be governed by and construed in accordance with the laws of the State of Delaware (excluding any conflict of law rule or principle that would refer to the laws of another jurisdiction). Each party hereto irrevocable submits to the jurisdiction of the state and federal courts located in Wilmington, Delaware, in any action or proceeding arising out of or relating to this Agreement or any of the Collateral Agreements, and each party hereby irrevocably agrees that all claims in respect of any such action or proceeding must be brought and/or defended in any such court; provided, however, that matters which are under the exclusive jurisdiction of the federal courts shall be brought in the Federal District Court for the District of Delaware. Each party hereto consents to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Agreement or any of the Collateral Agreements, and each party

waives, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. EACH PARTY HERETO HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES, TO THE FULLEST EXTENT IT MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

## FACTS COMMON TO ALL COUNTS

2. Dr. Halpert is a Maryland licensed dentist who was the principal shareholder of two Maryland professional service corporations, namely, Mid-Atlantic Dental Associates, P.A. ("MADA") and Ned Greenberg, D.D.S. & Associates, P.C. ("Greenberg").

3. MADA was a Professional Service Corporation of the State of Maryland engaged in the delivery of professional dental services.

4. Greenberg was a Professional Service Corporation of the State of Maryland engaged in the delivery of professional dental services.

5. DCA is a Florida corporation engaged in the business of providing administrative services to dental delivery practices.

6. On August 28, 2000, Dr. Halpert, as "Stockholder," entered into an Agreement entitled "Shares Acquisition Agreement" with MADA, InterDent, Inc. ("InterDent") and Gentle Dental Service Corporation ("GDSC") (hereinafter the "MADA Shares Acquisition Agreement").

7. Also, on August 28, 2000, Dr. Halpert,, as "Stockholder," entered into an Agreement entitled "Shares Acquisition Agreement" with Greenberg, InterDent and GDSC (hereinafter the "Greenberg Shares Acquisition Agreement").

8. InterDent is a Delaware Corporation that was formerly the parent corporation of Dental Care Alliance, Inc. and GDSC. InterDent transferred its shares in Dental Care Alliance, Inc.

2

to Mon Acquisition Corp. ("Mon") on or about May 15, 2001, pursuant to the terms of a Purchase Agreement by and among InterDent, GDSC and DentalCo Management Services Corporation of Maryland, Inc. ("DentalCo"), as Sellers, and Mon, as Buyer, dated April 17, 2001 (said Agreement being hereinafter referred to as the "Mon Purchase Agreement").

9. Dental Care Alliance, Inc. and Mon were Florida companies that were predecessors of the Defendant, DCA. Dental Care Alliance, Inc. merged into Mon effective December 31, 2002, and Mon merged into DCA effective January 1, 2003, all pursuant to the laws of the State of Florida.

10. Pursuant to the terms of the MADA Shares Acquisition Agreement, GDSC agreed to pay Dr. Halpert a total consideration of Six Hundred Thousand Dollars ($600,000.00), payable in three installments of Two Hundred Thousand Dollars ($200,000) each for Dr. Halpert's MADA stock and the right to designate the qualified owner of Dr. Halpert's shares of stock in MADA. Under the originally executed MADA Shares Acquisition Agreement, the transfer of the MADA stock and GDSC's right to designate the qualified owner thereof was to occur on August 28, 2001, the first anniversary of the Agreement.

11. Pursuant to the terms of the Greenberg Shares Acquisition Agreement, GDSC agreed to pay Dr. Halpert a total consideration of One Hundred and Fifty Thousand Dollars ($150,000.00), payable in three installments of Fifty Thousand Dollars ($50,000) each for Dr. Halpert's Greenberg stock and the right to designate the qualified owner of the Claimant's shares of stock in Greenberg. Under the originally executed Greenberg Shares Acquisition Agreement, the transfer of the Greenberg stock and GDSC's right to designate the qualified owner thereof was to occur on August 28, 2001, the first anniversary of the Agreement.

3

12. The first installment payments under the MADA Shares Acquisition Agreement and Greenberg Shares Acquisition Agreement were due on Plaintiff's delivery of endorsed stock certificates. The second installment payments were due on August 28, 2001 and the third installment payments were due on August 28, 2002.

13. On January 2, 2001, Dr. Halpert, as Stockholder, InterDent and GDSC entered into Amendments to the Greenberg and MADA Shares Acquisition Agreements.

14. The Amendments to the Shares Acquisition Agreements accelerated the purchase date of Dr. Halpert's shares from August 28, 2001 to January 2, 2001.

15. On or about April 17, 2001, InterDent and GDSC, as Sellers, and Mon, as Buyer, entered into the Mon Acquisition Agreement. As part of this Agreement, Mon agreed to assume GDSC's obligations to pay Dr. Halpert the unpaid installment payments due under the Shares Acquisition Agreements. The amount of such unpaid installments was deducted from the purchase price payable by Mon to GDSC and InterDent under the Mon Acquisition Agreement.

16. In August, 2001, as the time for the payment of the second installments approached, Dr. Halpert was approached by officers of Dental Care Alliance, Inc. who asked him to delay the payment of the second installments. As part of this discussion, Dr. Halpert stated that he wanted assurances that payment would be forthcoming. Dr. Steven Matzkin, the principal executive officer of Dental Care Alliance, Inc. told Dr. Halpert that Dental Care Alliance, Inc. had "plenty of money," and that it would pay the installments in accordance with the terms of the Shares Acquisition Agreements.

17. The second installments under the Shares Acquisition Agreements were not paid when due on August 28, 2001. Nevertheless, in reliance upon the assurances of payment made by

4

Dr. Matzkin and set forth in paragraph 16 above, Dr. Halpert did forebear from declaring default under the terms of the Shares Acquisition Agreements at that time.

18. Eventually, on or about September 26, 2001, Dental Care Alliance, Inc. paid Dr. Halpert the second installments due under the Shares Acquisition Agreements.

19. The third installments under the Shares Acquisition Agreements were not paid when due on August 28, 2002, and despite demand therefore, Dr. Halpert has not been paid said installments, and the Defendant has failed and refused to pay the same.

### COUNT ONE – BREACH OF CONTRACT

20. The allegations included in paragraphs 1 through 19 of this Complaint, are incorporated in this Count as if fully set forth herein.

21. Dr. Halpert was an intended third party beneficiary of Mon's commitment under the Mon Acquisition Agreement to assume GDSC's obligations to pay him the remaining amounts due under the Shares Acquisition Agreements, including the third installments in the total amount of Two Hundred and Fifty Thousand Dollars ($250,000.00) on August 28, 2002.

22. DCA, assumed the liabilities of Mon, including its obligations to pay Dr. Halpert the third installments due under the Shares Acquisition Agreements, as a result of the merger of Mon into DCA effective January 1, 2003.

23. DCA has failed and refused to pay the third installments due under the Shares Acquisition Agreements to Dr. Halpert without cause or justification.

### COUNT TWO – BREACH OF CONTRACT

24. The allegations included in paragraphs 1 through 19 of this Complaint are incorporated in this Count as if fully set forth.

5

25. In August of 2001, Dental Care Alliance, Inc., through its authorized and appointed officers, made a direct promise to Dr. Halpert to pay him the remaining amounts due under the Shares Acquisition Agreements, including the second and third installments in the total amount of Two Hundred and Fifty Thousand Dollars ($250,000.00) each, in accordance with all of the terms of such Agreements. Dr. Halpert relied upon that promise in that he did forbear from declaring default under the Shares Acquisition Agreements when he did not receive payment of the second installments when due on August 28, 2001.

26. In accordance with the direct promise made to Dr. Halpert as set forth in paragraph 16 above, Dental Care Alliance, Inc. did eventually pay the amounts of the second installments to Dr. Halpert, but it failed and refused to pay the amount of the third installments to Dr. Halpert when due on August 28, 2002 despite timely demand therefore.

27. DCA assumed the liabilities of Dental Care Alliance, Inc., including its obligations to pay Dr. Halpert the third installments due under the Shares Acquisition Agreements, as a result of the merger of Dental Care Alliance, Inc. into Mon effective December 31, 2002, and the merger of Mon into DCA effective January 1, 2003.

28. DCA has failed and refused to pay the third installments due under the Shares Acquisition Agreements to Dr. Halpert without cause or justification.

29. Sections 10 (I) of the Shares Acquisition Agreements provide that the prevailing party in any action brought to enforce any right under the Agreement is entitled to recover all reasonable costs and expenses incurred in connection with such action, including reasonable attorneys' fees.

6

WHEREFORE, for the foregoing reasons, plaintiff respectfully requests that ths Court enter judgment in favor of plaintiff and against defendants for damages in the amount of $250,000, plus costs, including reasonable attorney's fees, and such other and further relief as the Court deems just.

Respectfully submitted,

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for plaintiff

OF COUNSEL:

Terry B. Blair
Post Office Box 65300
Mount Washington Station
Baltimore, MD 21209
(410) 664-4586

Daniel H. Scherr
Reese and Carney
10715 Charter Drive
Suite 200
Columbia, Maryland 21044
(410) 740-4600

## CERTIFICATION OF COUNSEL

I, David L. Finger, attorney for plaintiff, hereby certify in good faith at this time that in my opinion the sum of damages of plaintiff is in excess of $100,000, exclusive of costs and interest.

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)

Dated: August 22, 2005