IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **LAWRENCE F. HALPERT, D.D.S.,** | * | |
| **Plaintiff,** | * | |
| v. | * | Case No. 05-765 |
| **DENTAL CARE ALLIANCE, LLC,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO COMPLAINT

Defendant, Dental Care Alliance, LLC ("Defendant"), by and through its undersigned counsel, pursuant to Rule 12 of the Federal Rules of Procedure, hereby submits the following Answer and Defenses to the Complaint ("Complaint") filed herein by Plaintiff, Lawrence F. Halpert, D.D.S. ("Plaintiff").

1. The allegations set forth in Paragraph 1 of the Complaint are legal conclusions to which Defendant is not required to admit or deny. Defendant further states that the Mon Purchase Agreement speaks for itself.

2. Defendant admits the allegations set forth in Paragraph 2 of the Complaint.

3. Defendant admits the allegations set forth in Paragraph 3 of the Complaint.

4. Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

6. Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant admits the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant admits the allegations set forth in Paragraph 8 of the Complaint.

9. Defendant admits the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant states that the MADA Shares Acquisition Agreement speaks for itself.

11. Defendant states that the Greenberg Shares Acquisition Agreement speaks for itself.

12. Defendant states that the MADA and Greenberg Shares Acquisition Agreements speak for themselves.

13. Defendant admits the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant states that the Amendments to the Shares Acquisition Agreements speak for themselves.

15. Defendant admits that on or about April 17, 2001, InterDent, GDSC and Mon entered into the Mon Acquisition Agreement. Defendant states that the Mon Acquisition Agreement speaks for itself.

16. Defendant admits that the second installments under the Shares Acquisition Agreement were due on August 28, 2001, with a 30-day grace period thereafter during which payment could be made and during which Plaintiff had no right to declare default, and that prior to August 28, 2001, officers of Dental Care Alliance, Inc. contacted Plaintiff and asked him to consider restructuring the second installments. Defendant admits that Plaintiff stated that he wanted assurances that payment would be forthcoming, and further states that no agreement was ever reached with respect to the restructuring of payments and that the second installments were paid on September 26, 2001, within the 30-day grace period provided for in the Shares Acquisition Agreements. Defendant denies the remaining allegations set forth in Paragraph 16 of the Complaint.

17. Defendant admits that the second installments were not paid on August 28, 2001, but states that the second installments were paid on September 26, 2001, within the 30-day grace period provided for in the Shares Acquisition Agreements. Defendant is without specific knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's belief and, therefore, denies these allegations, but states that, given the 30-day grace period for payment of the second installments, Plaintiff had no right to declare default under the terms of the Shares Acquisition Agreement at that time.

18. Defendant admits that on or about September 26, 2001, Dental Care Alliance, Inc., on behalf of GDSC, paid to Plaintiff the second installments under the Shares Acquisition Agreement.

19. Defendant admits that the third installment payments under the Shares Acquisition Agreement were not paid by GDSC and Interdent, as guarantor, to Plaintiff

on August 28, 2002. Defendant denies that Plaintiff made a demand for payment of the third installment on Dental Care Alliance. Defendant admits that Plaintiff made a demand for payment of the third installments on GDSC and Interdent, and that GDSC and Interdent, as guarantor, refused to make the third installment payment to Plaintiff. Defendant admits that it has not paid Plaintiff the third installments and further states that it is not obligated to do so under the Shares Acquisition Agreements.

## COUNT ONE – BREACH OF CONTRACT

20. Defendant restates its responses to Paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint. Defendant further states that the Mon Purchase Agreement speaks for itself.

22. Defendant admits that, as a result of the merger of Mon into Defendant effective December 31, 2003, Defendant assumed certain liabilities of Mon, but denies that Mon was obligated under the Shares Acquisition Agreements to pay Plaintiff the third installments due under those Agreements or that Defendant ever assumed any such liability, as alleged in Paragraph 22. Defendant denies the remaining allegations set forth in Paragraph 22 of the Complaint.

23. Defendant admits that GDSC and Interdent, as guarantor, refused to make the third installment payments to Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 23 of the Complaint.

## COUNT TWO – BREACH OF CONTRACT

24. Defendant restates its responses to Paragraphs 1 through 19 of the Complaint as if fully set forth herein.

25. Defendant denies that in August, 2001, Dental Care Alliance, Inc., through its authorized and appointed officers, made a direct promise to Plaintiff to pay Plaintiff the remaining amounts due under the Shares Acquisition Agreements. Defendant is without specific knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's belief or reliance and, therefore, denies these allegations, and, moreover, states that, under the terms of the Shares Acquisition Agreements, Plaintiff did not have a right to declare default until the expiration of thirty days after August 28, 2001. Defendant denies the remaining allegations set forth in Paragraph 25 of the Complaint.

26. Defendant admits that it paid the amounts of the second installments on behalf of GDSC to Plaintiff, but denies that this payment was made in accordance with a promise made to Plaintiff. Defendant denies that Plaintiff made a demand on Dental Care Alliance, Inc. for payment of the third installments. Defendant admits that it has not paid Plaintiff the third installments that were owed to Plaintiff by GDSC under the Shares Acquisition Agreements. Defendant denies the remaining allegations set forth in Paragraph 26 of the Complaint.

27. Defendant admits that, as a result of the merger of Dental Care Alliance, Inc. into Mon effective December 31, 2002, and the merger of Mon into Defendant effective January 1, 2003, Defendant assumed certain liabilities of Dental Care Alliance, Inc., but denies that Dental Care Alliance, Inc. was obligated under the Shares Acquisition Agreements to pay Plaintiff the third installments due under those Agreements or that Defendant ever assumed any such liability, as alleged in Paragraph

27. Defendant denies the remaining allegations set forth in Paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant states that the Shares Acquisition Agreements speak for themselves.

## DEFENSES

In further answering, Defendant hereby asserts the following defenses:

## FIRST DEFENSE

Plaintiff's Complaint as a whole and each count therein fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of collateral estoppel and res judicata in that in a previous action brought by Plaintiff against Defendant, the Circuit Court for Howard County, Maryland granted summary judgment in favor of Defendant and ruled as a matter of fact and law that the Shares Acquisition Agreements had not been assigned to Defendant (or its predecessor Mon).

## THIRD DEFENSE

Plaintiff's claims are barred by the statute of limitations.

## FOURTH DEFENSE

Plaintiff is not entitled to the damages complained of in his Complaint.

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the statute of frauds.

## EIGHT DEFENSE

Plaintiff's claims are barred by fraud.

## NINTH DEFENSE

Defendant intends to rely on or assert such other defenses which may become available or apparent during the course of discovery in this case, and Defendant expressly reserves the right to amend this Answer to assert any and all such defenses.

WHEREFORE, having answered Plaintiff's Complaint, Defendant requests that Plaintiff's Complaint be dismissed in its entirety.

Dated this 10th day of November, 2005.

Respectfully submitted,

_____
Michael F. Bonkowski, Bar No. 2219
Chad J. Toms, Bar No. 4155
SAUL EWING LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Phone: (302) 421-6800
Fax: (302) 421-6813
mbonkowski@saul.com
ctoms@saul.com

Harriet E. Cooperman
Devin J. Doolan, Jr.
Pending admission *Pro Hac Vice*
SAUL EWING LLP
100 South Charles Street
Baltimore, Maryland  21201

Phone: (410) 332-8974
hcooperman@saul.com
ddoolan@saul.com

Attorneys for Defendant, Dental Care Alliance, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of November, 2005, I caused the foregoing Answer to Complaint to be electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filings to registered participants. I further certify that on the 10th day of November, 2005, I have mailed the document by U.S. First Class Mail to the following counsel:

David L. Finger, Esquire
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155

Terry B. Blair, Esquire
P.O. Box 65300
Mount Washington Station
Baltimore, MD 21209

Daniel H. Scherr, Esquire
10715 Charter Drive, Suite 200
Columbia, MD 21044

Chad J. Toms
SAUL EWING LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Phone: (302) 421-6800
ctoms@saul.com